IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIDDY UP, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0948-B |
| | § | |
| PRISM GRAPHICS, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendant PRISM Graphics, Inc. has filed a motion to compel discovery. At issue are: (1) whether defendant should be permitted to depose three fact witnesses and an expert after the close of discovery and, if so, where those depositions should take place; and (2) whether all documents previously designated by plaintiff as "Attorney Eyes Only" should be reclassified as "Confidential." The parties have briefed their respective positions in a Joint Status Report filed on August 28, 2007, and the motion is ripe for determination.

The initial scheduling order issued by the court established a June 1, 2007 deadline for the completion of all discovery. *See* Sch. Order, 7/6/06 at 3, ¶ 5. At the request of the parties, the discovery deadline was extended until July 6, 2007. *See* Order, 5/15/07. The parties subsequently agreed to another extension until July 31, 2007. Prior to the expiration of the modified discovery deadline, plaintiff agreed to make three of its employees-- Joe Yassay, Colleen Loughman, and Josh Pokempner-- available for deposition during the week of July 23, 2007 in Ann Arbor, Michigan, where they reside and work. The parties agreed that defendant would depose plaintiff's expert, Jeff Andrien, on July 31, 2007. While the attorneys were finalizing the details of the deposition schedule,

counsel for defendant notified opposing counsel that he would not travel to Michigan for the depositions. Now, defendant seeks an order compelling these depositions in Dallas.[1]

A court has broad discretion to determine where a witness should be deposed. *See Harris Corp. v. Amperex Elec. Corp.*, No. 86-C-6338, 1987 WL 10989 at *2 (N.D. Ill. May 8, 1987) (citing cases). Where the parties cannot agree on a location for taking depositions, the court must balance the competing interests and hardships in fashioning an appropriate order. *Id.* The only argument made by defendant for deposing plaintiff's witnesses in Dallas is that plaintiff elected to file suit in this district. Plaintiff counters that the license agreement made the basis of this suit contains a provision establishing venue in Dallas County--a representation defendant does not dispute. (*See* Jt. Stat. Rep., 8/28/07 at 4, ¶ 5(a)(iii) & 14 n.1). In addition, it would be more disruptive and expensive for four witnesses to travel to Dallas than for the two lawyers in this case to travel to Michigan. The court therefore determines that the depositions should take place in Ann Arbor, Michigan or, at defendant's option, by telephone.

With respect to the reclassification of documents designated by plaintiff as "Attorneys Eyes Only," the court sees no reason to deviate from the protocol established by the Agreed Protective Order filed on June 22, 2007. That order provides, in pertinent part:

> In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information . . ., the parties shall first try to resolve such dispute in good faith on an informal basis, such as the production of redacted copies. If the dispute cannot be resolved informally, the party

---

[1] Plaintiff opposes any attempt by defendant to depose these witnesses after the expiration of the discovery deadline. However, defendant originally filed its motion to compel on July 25, 2007--six days before the discovery deadline expired. The court denied that motion without prejudice, inviting defendant to "refile its motion, if necessary, after the parties comply with the Standing Order on Discovery Motions issued today." *See* Order, 8/2/07. Thereafter, the parties resolved some of their disputes after holding a discovery conference, and prepared a joint status report detailing the outstanding matters that needed to be heard and determined by the court. Because defendant acted diligently in bringing its motion to the court's attention, it should not be penalized by the intervening expiration of the discovery deadline.

> challenging the designation may seek appropriate relief from the Court[.]

Agr. Prot. Order, 6/22/07 at 4, ¶ 9. Implicit in this order is the obligation of the party challenging a designation to identify the *specific* documents at issue so the attorneys can attempt to negotiate an acceptable resolution of the matter.[2] The court will not entertain a blanket request to reclassify *all* documents designated as "Attorneys Eyes Only," particularly where the movant has not presented any evidence that the documents have been improperly designated.

For these reasons, defendant's motion to compel discovery [Doc. #61] is granted in part and denied in part. The motion is granted to allow defendant to depose Joe Yassay, Colleen Loughman, Josh Pokempner, and Jeff Andrien after the expiration of the discovery deadline. These depositions shall be taken in Ann Arbor, Michigan or, at defendant's option, by telephone, and must be completed by **September 12, 2007**. In all other respects, the motion is denied.

SO ORDERED.

DATED: August 29, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, plaintiff recently reclassified more than 130 pages of documents at the request of defense counsel in accordance with the protocol set forth in the Agreed Protective Order. (*See* Jt. Stat. Rep., 8/28/07 at 4, ¶ 5(a)(v)).