

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIDDY UP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-0948-B |
| | § | ECF |
| PRISM GRAPHICS, INC., and | § | |
| BRYAN NETSCH, individually, | § | |
| | § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

I. General Instructions

### Introduction

Now that you have found that Giddy Up has proven its claims for breach of contract (Provisions 2.9 Supply of Ink Components, 2.10 Terms and Termination, and 3.4 Notices); Fraud as to PRISM; and Deceptive Trade Practices Act as to PRISM and Netsch by a preponderance of the evidence, you must determine the damages to which Giddy Up is entitled, the damages phase.

All of the instructions I read to you with respect to the liability phase of the trial apply equally to the damages phase. For the sake of convenience, I will not re-read those instructions in their entirety now. However, the following brief instructions bear repeating.

You have heard the evidence on damages in this case. You have also heard the arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not

instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

I will now instruct you on the law that must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Answer each of the following questions from the facts as you find them. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Your answers and your verdict must be unanimous.

### Burden of Proof

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. And again, that applied to the preceding phase of the case as we have discussed.

### General Instructions on Damages

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may

not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

II. Claims for Damages

    A. **Breach of Contract Damages** (Against PRISM Only)

    In answering Question No. 1, you are instructed as follows:

    *Instructions - Breach of Contract Damages*

Consider the following elements of damages, if any, and none other.

- "Lost Profits": Lost profits that were a natural, probable, and foreseeable consequence of PRISM's breach of the License Agreement. This includes reasonable and necessary expenses that Giddy Up incurred in attempting to mitigate the damages cause by PRISM's breach of the License Agreement.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

**QUESTION NO. 1:**

    What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Giddy Up for its damages, if any, that resulted from PRISM's breach of the License Agreement?

    Answer separately in dollars and cents for each element.

**ANSWER NO. 1**

1) Lost Profits:

$514,000.00

You may now proceed to Question No. 2.

### B. Fraud Damages (Against PRISM Only)

In answering Question No. 2, you are instructed as follows:

*Instructions - Fraud Damages*

Consider the following element of damages, if any, and none other.

- "Out of Pocket Damages": The difference, if any, between what Giddy Up parted with and what it received in reliance upon the fraudulent representations. The difference in value, if any, shall be determined at the time and place the License Agreement was entered into by the parties.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

### QUESTION NO. 2:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Giddy Up for its damages, if any, that resulted from PRISM's fraud?

Answer separately in dollars and cents for each element.

### ANSWER NO. 2

The Out of Pocket Damages sustained in the past:

$60,000.00

You may now proceed to Question No. 3.

### C. Deceptive Trade Practices Act Damages (Against PRISM and Netsch)

In answering Question No. 3, you are instructed as follows:

*Instructions - Deceptive Trade Practices Act Damages*

Consider the following element of damages, if any, and none other.

- "Out of Pocket Damages": The difference, if any, between what Giddy Up parted with and what it received in reliance upon the false representations. The difference in value, if any, shall be determined at the time and place the License Agreement was entered into by the parties.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

### QUESTION NO. 3:

What sum of money, if any, paid now in cash, would fairly and reasonably compensate Giddy Up for its damages, if any, that resulted from violations of the Deceptive Trade Practices Act?

Answer separately in dollars and cents. Also, answer separately for each Defendant.

### ANSWER NO. 3

3) The Out of Pocket Damages sustained in the past:

PRISM: $130,000.00

Netsch: 0

You may now proceed to Question No. 4.

### D. Deceptive Trade Practices Act Additional Damages (Against PRISM and Netsch)

1. Knowingly or Intentionally

In answering Question No. 4, you are instructed as follows:

*Instructions - Deceptive Trade Practices Act Knowingly or Intentionally*

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or detrimental ignorance of the unfairness. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally or may be inferred from facts showing that the person acted with such flagrant disregard of prudent and fair business practices that the person should be treated as having acted intentionally.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the damages, if any. There may be more than one producing cause.

### QUESTION NO. 4:

Did PRISM or Netsch, or both, engage in a violation of the Deceptive Trade Practices Act knowingly or intentionally?

In answering this question, consider only the conduct that you have found was a producing cause of damages to Giddy Up. Answer "Yes" or "No" for each Defendant.

**ANSWER NO. 4**

PRISM: ___yes___

Netsch: ___No___

If you answered "Yes" for either Defendant for Question No. 4, you may proceed to Question No. 5. Otherwise, proceed to Question No. 6.

2. Additional Damages

In answering Question No. 5, you are instructed as follows:

### Instructions - Deceptive Trade Practices Act Additional Damages

Factors to consider in awarding additional damages if any, are:

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of the defendant.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

f. The net worth of the defendant.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

## QUESTION NO. 5

What sum of money, if any, in addition to actual damages, should be awarded to Giddy Up against PRISM or Netsch, or both, because PRISM or Netsch's conduct was committed knowingly or intentionally?

Answer in dollars and cents, if any. Answer only for the Defendant(s) you answered "Yes" to in Question No. 4.

## ANSWER NO. 5:

PRISM: $146,000.00

Netsch: 0

You may now proceed to Question No. 6.

### E. Exemplary Damages (Against PRISM Only)

1. Malice or Fraud

In answering Question No. 6, you are instructed as follows:

*Instructions - Malice or Fraud*

In the liability phase, you found by a preponderance of the evidence that PRISM committed fraud against Giddy Up. In order to award exemplary damages, you must find by clear and convincing evidence that harm resulted to Giddy Up as a result of malice or fraud.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by PRISM to cause substantial injury or harm to Giddy Up.

"Fraud" means:

    a. a party makes a material misrepresentation,

    b. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

    c. the misrepresentation is made with the intention that it should be acted on by the other party, and

    d. the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means a false statement of fact.

### QUESTION NO. 6

Do you find by clear and convincing evidence that the harm to Giddy Up resulted from malice or fraud?

Answer "Yes" or "No."

**ANSWER NO. 6:** _____NO_____

      If you answered "Yes" to Question No. 6, proceed to Question No. 7; otherwise, you are finished.

2. Exemplary Damages

In answering Question No. 7, you are instructed as follows:

*Instructions - Exemplary Damages*

You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous.

"Exemplary Damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages if any, are:

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of the defendant.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

f. The net worth of the defendant.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

**QUESTION NO. 7:**

What sum of money, if any, if paid now in cash, should be assessed against PRISM and awarded to Giddy Up as exemplary damages, if any, for the conduct found in response to Question

No. 6?

Answer in dollars and cents, if any.

**ANSWER NO. 7:** _____

## III. Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. The Foreperson shall remain the same as during the liability phase of the trial. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your questions and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

SIGNED September 24, 2007

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE