UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GIDDY UP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 06-CV-0948-B |
| | § | |
| PRISM GRAPHICS, INC., and | § | |
| BRYAN NETSCH, individually, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

This case was tried before the Court and a jury September 17-24, 2007. After resolution of the issue of attorneys' fees, the Court will enter a final judgment providing that Giddy Up, LLC ("Giddy Up") recover judgment from Defendant PRISM Graphics, Inc. ("PRISM") as described in this Order.

### I. DAMAGES

The jury determined that PRISM was liable for breach of contract, fraud, violation of the Texas Deceptive Trade Practices Act, and additional damages under the Texas Deceptive Trade Practices Act and awarded Giddy Up damages in the amount of $850,000. Although the jury found Defendant Bryan Netsch liable under the Texas Deceptive Trade Practices Act, it did not award any damages against Bryan Netsch. Accordingly, the Court will award Giddy Up damages in the amount of $850,000 against PRISM.

### II. PREJUDGMENT INTEREST

Under Texas law, courts are to rely on general principles of equity to determine prejudgment

interest when there is no enabling statute regarding prejudgment interest. *Johnson & Higgins of Tex. Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). The Texas Finance Code does provide for prejudgment interest for damages arising from wrongful death, personal injury, and property damage claims; however, none of those claims are implicated here. TEX. FIN. CODE ANN. §§ 304.101-103 (Vernon 1998 & Supp. 2005). Yet, the Texas statutory scheme is still relevant, because the Texas Supreme Court in *Johnson & Higgins* held that common law prejudgment interest should resemble the prejudgment interest law enacted by the Texas legislature. 962 S.W. 2d at 530-31. The Texas Finance Code not only sets the rate of prejudgment interest, but also states that prejudgment interest begins to accrue on the earlier of (1) 180 days after the date the defendant receives written notice of a claim or (2) the date suit is filed. TEX. FIN. CODE ANN. §§ 304.104.

In keeping with the principles articulated in *Johnson & Higgins*, the Court will follow the prejudgment interest rules described in the Texas Finance Code. The Court believes that the interest rate specified in Texas Finance Code § 304.003(c) is appropriate for the prejudgment interest rate in this case, to be determined as of the date of judgment.[1] Prejudgment interest will only accrue as to damages awarded by the jury and not on any attorneys' fees awarded. *See Cushman & Wakefield, Inc. v. Fletcher*, 915 S.W.2d 538, 547 (Tex. App.-Dallas 1995, writ denied) (holding prejudgment interest is not recoverable on attorney' fees awarded). In addition, Giddy Up will not recover prejudgment interest on the $146,000 additional damages awarded under the Texas Deceptive Trade Practices Act because "[a] court may not award prejudgment interest applicable to: additional damages under Subsection (b)." TEX. BUS. & COM. CODE ANN. § 17.50(f) (Vernon

---

[1] The interest rate for Texas Finance Code § 304.003(c) is available on the website of the Office of Consumer Credit Commissioner of Texas at http://www.occc.state.tx.us/pages/int_rates/Index.html. "Prejudgment interest is computed as simple interest and does not compound." TEX. FIN. CODE ANN. § 304.104.

2005).

As for when prejudgment interest began to accrue, the Court is unaware of evidence of a demand made to PRISM; thus, prejudgment interest will begin to accrue from May 26, 2006 - the day suit was filed. Accordingly, the Court will award prejudgment interest calculated at the date of entry of judgment on the $704,000 in actual damages awarded by the jury.

### III. Post-Judgment Interest

Regardless of whether a cause of action is based on state law or federal law, federal law determines post-judgment interest. *See Boston Old Colony Ins. Co. v. Tiner Assoc., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest applies even in diversity cases). The federal post-judgment interest rate is governed by 28 U.S.C. § 1961(a), which sets the rate at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment.[2] Therefore, the Court will award post-judgment interest calculated at the date of the entry of judgment.[3]

### IV. Attorneys' Fees and Costs

It is well established that a prevailing party may not recover attorneys' fees in the absence of contractual or statutory authorization. *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 35 (5th Cir. 1992); *Gulf State Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002). The Texas Deceptive Trade Practices Act provides that a prevailing consumer "shall be awarded court costs and reasonable and necessary attorneys' fees." TEX. BUS. & COM. CODE ANN. § 1750(d). A prevailing party is also entitled to recover attorneys' fees in a breach of contract case and a fraud case arising out of breach

---

[2] The post-judgment interest rate may be found at http://www.txnd.uscourts.gov/publications/pjrate.html.

[3] Post-judgment interest shall be compounded annually. 28 U.S.C. § 1961(b).

of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001; *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31 (Tex. 1990). However, Giddy Up has not submitted its reasonable and necessary attorneys' fees. If Giddy Up wishes to recover attorneys' fees, it should submit briefing with authority to the court addressing the propriety and amount of attorneys' fees by **November 30, 2007.**[4] If PRISM disputes the appropriateness of attorneys' fees or the reasonableness of the amount of attorneys' fees, it should file a response by **December 14, 2007.** The Court will enter a final judgment after resolution of the issue of attorneys' fees.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for an award of costs as a matter of course to the prevailing party. As such, the Court will award Giddy Up its costs in bringing suit.

## V. CONCLUSION

After the resolution of the matter of attorneys' fees, the Court will enter a final judgment as follows:

- Giddy Up shall recover from PRISM judgment for lost profits related to the breach of contract claim in the amount of $514,000.00.

- Giddy Up shall recover from PRISM judgment for out of pocket damages related to the fraud claim in the amount of $60,000.00.

- Giddy Up shall recover from PRISM judgment for out of pocket damages related to the Texas Deceptive Trade Practices Act claim in the amount of $130,000.00.

---

[4]Giddy Up's briefing should cite authority for its entitlement to the recovery of attorneys' fees; state the amount of attorneys' fees requested; address the reasonableness of the requested attorneys' fees; address the requirement of presentment under TEX. CIV. PRAC & REM. CODE ANN. § 38.002; and address the issue of segregation of fees (*see Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624 (Tex. App.-Dallas 1987, writ denied) ("[I]n a case involving more than one claim, attorney fees can be awarded only for necessary legal services rendered in connection with the claims for which recovery is authorized.")).

- Giddy Up shall recover from PRISM judgment for additional damages under the Texas Deceptive Trade Practices Act claim in the amount of $146,000.00.

- Giddy Up shall recover, as the prevailing party, all costs (other than attorneys' fees) from PRISM pursuant to Federal Rule of Civil Procedure 54(d).

- Giddy Up shall recover from PRISM prejudgment interest calculated at the date of entry of judgment on the damages award of $704,000. Giddy Up shall not recover prejudgment interest on the $146,000 additional damages awarded under the Texas Deceptive Trade Practices Act .

- Giddy Up shall recover from PRISM post-judgment interest calculated at the date of entry of judgment.

- If Giddy Up wishes to recover attorneys' fees, it should submit briefing with authority to the Court on the propriety and amount of attorneys' fees by **November 30, 2007**. If PRISM opposes the appropriateness or amount of attorneys' fees, it should file a response with the Court by **December 14, 2007**.

- Giddy Up shall take nothing in its suit against Bryan Netsch.

SO ORDERED.

SIGNED October  24th , 2007

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**